# UNITED STATES DISTRICT COURT
for the

Southern District of Illinois

<u>Charles Snargrass III,</u> )
_____ )  Case Number: 11-cv-662-GPM
_____ )            (Clerk's Office will provide)
_____ )
*Plaintiff/Petitioner(s)* )  ☐ CIVIL RIGHTS COMPLAINT
            v.                                    )     pursuant to 42 U.S.C. §1983 (State Prisoner)
<u>United States Bureau of Prisons</u> )  ☒ CIVIL RIGHTS COMPLAINT
<u>Ronald Riker, Kevin Pigos, Jennifer</u> )    pursuant to 28 U.S.C. §1331 (Federal Prisoner)
<u>Holtzapple, James Potope, Warden R.</u> )  ☐ CIVIL COMPLAINT
<u>Martinez, McDaniel Holloway,</u> )          pursuant to the Federal Tort Claims Act,
<u>Richard Jensen, Ms Sullivan, Warden</u> )  28 U.S.C. §§1346, 2671-2680, or other law
<u>Ronnie Holt, Timothy Adesanya, Dr.</u> )
<u>Harvey, HSA Ferrebee, US Marshal</u>
<u>Service.</u>   Defendant/Respondent(s)

I.    JURISDICTION

   Plaintiff:

   A.   Plaintiff's mailing address, register number, and present place of
        confinement. Charles Snargrass III, Reg.#19536-031
                     Federal Correctional Institution Greenville
                     P.O. BOX 5000
                     Greenville, IL 62246

   Defendant #1:

   B.   Defendant <u>Ronald Riker</u> is employed as
                   (a)   (Name of First Defendant)

        <u>Section Chief</u>
                   (b)   (Position/Title)
        Federal Bureau of Prisons, Designation Center,
        with <u>346 Marine Forces Drive</u>
                   (c)   (Employer's Name and Address)

        <u>Grand Prairie, Texas    75051</u>

        At the time the claim(s) alleged this complaint arose, was Defendant #1
        employed by the state, local, or federal government?    ☒ Yes    ☐ No

        If your answer is YES, briefly explain: (see Memorandum of Law
        for more details in the attachments).

**Defendant #2:**

C.   Defendant Kevin Pigos is employed as

(Name of Second Defendant)

Medical Doctor/Doctor of Medicine
(Position/Title)

Federal Bureau of Prisons
with USP Allenwood U.S pentitentiary Route 15, two miles
(Employer's Name and Address)

north of Allenwood. White Deer, PA. 17810

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain:

**Additional Defendant(s) (if any):**

D.   Using the outline set forth above, identify any additional Defendant(s).
Defendant #3: James Potope HSA for the FBOP, USP Allenwood Route 15, two miles north of Allenwood. White Deer, PA. 17810.
Defendant #4: Jennifer Holtzapple PA for the FBOP, USP Allenwood Route 15, two miles north of Allenwood. White Deer, Pa. 17810.
Defendant #5: R. Martinez Warden for the FBOP, USP Allenwood Route 15, two miles north of Allenwood. White Deer, PA. 17810.
Defendant #6: McDaniel Holloway Doctor for the FBOP, USP Canaan 3057 Easton Turnpike, Waymart, PA. 18472.
Defendant #7: Richard Jensen PA for the FBOP, USP Canaan 3057 Easton Turnpike, Waymart, PA. 18472.
Defendant #8: Ms. Sullivan HSA for the FBOP, USP Canaan 3057 Easton Turnpike, Waymart, PA. 18472.
Defendant #9: Ronnie Holt Warden for the FBOP, USP Cannan 3057 Easton Turnpike, Waymart, PA. 18472.
Defendant #10: Timothy Adesanya PA for the FBOP, FCI Greenville 100 U.S Highway 40, Greenville, IL. 62246.
Defendant # 11: Dr. Harvey Doctor for the FBOP, FCI Greenville 100 U.S Highway 40, Greenville, IL. 62246.
Defendant #12: Mr. Ferrebee HSA for the FBOP, FCI Greenville 100 U.S Highway 40, Greenville, IL. 62246.
Defendant #13: U.S Marshall Service, 600 Army Dr. Crystal Sq III Arlington, VA. 22202 Defendant #14: FBOP 320 First St. NW Washington, DC 20534.

(Rev. 7/2010)                                           2

## II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court relating to your imprisonment?        ☐ Yes   ☒ No

B.   If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint</u>.

1. Parties to previous lawsuits:
   Plaintiff(s):   N/A

   Defendant(s):

2. Court (if federal court, name of the district; if state court, name of the county):   N/A

3. Docket number:   N/A

4. Name of Judge to whom case was assigned:   N/A

5. Type of case (for example: Was it a habeas corpus or civil rights action?):   N/A

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):   N/A

7. Approximate date of filing lawsuit:   N/A

8. Approximate date of disposition:   N/A

III. GRIEVANCE PROCEDURE

    A. Is there a prisoner grievance procedure in the institution? ☒ Yes ☐ No

    B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☒ Yes ☐ No

    C. If your answer is YES,
        1. What steps did you take? There was what is typically called a B-P8, B-P9, B-P10, and B-P11 filed from different institutions on the same issues. Was unable to file grievance while in county jail under Marshals custody. Grievance did not help.
        2. What was the result? They believed the institutions medical staff was acting according to policy. Therefore the issue was not addressed.

    D. If your answer is NO, explain why not. N/A

    E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? N/A ☐ Yes ☐ No

    F. If your answer is YES,
        1. What steps did you take? N/A

        2. What was the result? N/A

    G. If your answer is NO, explain why not. N/A

    H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not: At the time that the petitioner was dealing with the Marshal Service he complained to them and he believed, that his medical needs would be taken care of because this is what the Marshal told him and he believed.

(Rev. 7/2010)          4

## IV. STATEMENT OF CLAIM

    A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

Defendant #1: Ronald Riker, a FBOP employee showed deliberate indifference to Snargrass' serious medical needs. Failed to act appropriately when notified by Snargrass and family members whome notified him on numerous ocassions.   Defendant #2: Kevin Pigos, a FBOP Doctor whom Snargrass seen on a number of ocassions about the tightening of tendons in his foot was deliberate and indifferent to those needs.
Defendant #3: Jennifer Holzapple, a FBOP PA failed to follow up with recommended treatment and did not provide adequate care. Showed deliberate indifference to serious medical needs.   Defendant #4: James Potope, a FBOP HSA denied plaintiff adequate treatment, cancelled appointments for recommended treatment, and treated Snargrass as a nuisance. Together, Holzapple and Potope turned a blind eye to plaintiff's serious medical needs.   Defendant #5: R. Martinez, a FBOP warden failed to protect the plaintiff from cruel and unusual punishment at the hands oh his medical staff. All, including himself, was deliberate and indifferent to serious medical needs.   Defendant #6: McDaniel Holloway, a FBOP Doctor denied adequate care. Acted deliberate and indifferent to a serious medical need when he seen plaintiff was not responding well to just therapy. Should have went forth with surgery.   Defendant #7: Richard Jensen, a FBOP Pa failed to follow up with Snargrass' chronic care needs. Disregarded an excessive risk of further harm by the lack of treatment adequate enough to relieve the tendons and treat the deformities and hammer toes.
Defendant #8: Ms. Sullivan, a FBOP HSA failed to see to it that Snargrass' condition was treated and did not worsen to the extreme that it did.   Defendant #9: Ronnie Holt, a FBOP warden was deliberate indifferent to Snargrass' serious medical needs. Failed to thoroughly check into Snargrass' grievances thereby contributing to the inadequate care and untimely care.   Defendant #10: Timothy Adesanya, a FBOP PA was deliberate and indifferent to plaintiff's serious medical needs and made a mockery of Snargrass' condition. Added insult to injury by telling plaintiff "if u had something coming they would have never sent you here."   Defendant #11: Dr. Harvey a FBOP Doctor who showed deliberate indifference by unnecessarily postponing recommended treatment and not following up with such treatment.   Defendant #12: Mr. Ferrebee a FBOP HSA failed to protect Snargrass from cruel and unusual punishment at the hands of the medical staff therfore showing deliberate indifference to serious medical needs.   Defendant #13: The U.S Marshall Servive failed to see to it that Snargrass received adequtae care while in the custody of the Marshall Service in Wichita, KS. The marshall's were well aware of plaintiff's condition and did not act accordingly.
Defendant #14: The U.S FBOP failed to provide the necessary training to alleviate staff from being deliberate indiffernt to medical needs.

(Rev. 7/2010)    5

V.   **REQUEST FOR RELIEF**

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

VI.  **JURY DEMAND** (*check one box below*)

The plaintiff ☒ does  ☐ does not request a trial by jury.

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: __August 1, 2011__
(date)

Federal Correctional Institution
P.O. BOX 5000   (Greenville)
Street Address

Greenville, IL 62246
City, State, Zip

Signature of Plaintiff

_Charles Snargrass III_
Printed Name

Reg. # 19536-031
Prisoner Register Number

Pro se Litigant
Signature of Attorney (if any)

COPIES OF ADMINISTRATIVE REMEDY ATTEMPTS IN REFERENCE TO PAGE 4 OF APPLICATION...

COPIES OF ADMINISTRATIVE REMEDY ATTEMPTS IN REFERENCE TO PAGE 4 OF APPLICATION...

Federal Correctional Institution
Greenville, Illinois

## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
### INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229 (13)), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state the name of staff contacted.

Date Form Issued and Initials of Correctional Counselor: 6/4/10  ACA

Unit: 3B

### INMATE'S COMMENTS:

1. Complaint: PA Adesanya failed to follow up with recommended treatment from my previous institution which consists of URC approval for surgery.

2. Efforts made by you to informally resolve: sick call and consulting with PA

3. Names of staff you contacted: Adesanya

Date Returned to Correctional Counselor: _____

Charles Snargrass #19536-031       C. Sno— 19536-031  6/9/10
Inmate's Printed Name & No.        Inmate's Signature, Register No., Date

### CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: Contacted Health Services. All of the approvals from your previous institution will be presented to FCI Greenville. This does not mean they will be disapproved, but they will be re-evaluated and the appropriate decision will be made by the Greenville U.R.C.

Date Informally Resolved: _____
- OR -
Date BP-9 issued: 6/22/10

Correctional Counselor

### UNIT MANAGER'S COMMENTS:

Medical has been contacted, your issue has been addressed.

Distribution: If complaint is informally resolved - Forward to Associate Warden-Programs's Secretary. If complaint is NOT informally resolved - forward original attached to BP-9 form to _____

**U.S. DEPARTMENT OF JUSTICE**  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____  _____  ____  _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

### Part A- INMATE REQUEST

[handwritten narrative, partially illegible, describing conversation with medical staff about exhausting remedies and inadequate medical treatment; references to Dr. Lopez, neurologist, MRI, tendon release procedure, pain, and request for proper medical care at FCI Greenville in a timely fashion]

_____  _____
DATE            SIGNATURE OF REQUESTER

### Part B- RESPONSE



RECEIVED JUN 24 2010 WARDEN'S OFFICE FCI GREENVILLE, IL

_____  _____
DATE            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                CASE NUMBER: _____

                                            CASE NUMBER: _____

### Part C- RECEIPT

Return to: _____  _____  ____  _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____  _____
DATE            RECIPIENT'S SIGNATURE

## PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #595747-F1

This is in response to your Request for Administrative Remedy dated June 24, 2010, wherein you request your medical needs be addressed in a timely manner.

A review of your medical record indicates you arrived at FCI Greenville on May 25, 2010. On June 9, 2010, you were seen by the Physician Assistant (PA) for your hammer toes and left foot drop conditions. On June 28, 2010, the PA referred your case to be evaluated by a Neurologist and Orthopedist. Consistent with agency policy, the referrals will be reviewed and evaluated by the Utilization Review Committee (URC) and Clinical Director. The URC will meet again on July 27, 2010. Appointments will be scheduled based on the decisions of the URC.

Based on the above information, your Request for Administrative Remedy is for information or explanation only. If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

_____
James N. Cross, Warden

_____
7-20-10
Date

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: SNARKLISS CHARLES J        1536-131       3B       FCI GREENVILLE
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** I am not satisfied with response from Warden Cross. I have already been seen by a neurologist and in the EMG report from his coming to FCI Greenville Drugs were needed for the after the seizure issue (see about attached) Being Kenedy is the explanation and infiltration only. It is the FCI Greenville predicament to continue this case forward with a body move endel maneuver. Deliberate Indifference is shown when people who are HEP positive are currently treatment. They feel if one inmate is letting access to medical to save people and evaluated properly. They are eighth amendment violation. This has been an ongoing problem for years but no one cares about due to lack of adequate care by the FBoP. I had already to justify my actions in US Court and I am only giving FCI Greenville a chance before seeking judicial ruling for Deliberate Indifference and Medical neglect.

7/22/10                                              [signature]
DATE                                           SIGNATURE OF REQUESTER

**Part B—RESPONSE**









DATE                                           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                  CASE NUMBER: _____

---

**Part C—RECEIPT**

                                               CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

BP-230(13)

**U.S. Department of Justice**  
**Federal Bureau of Prisons**  
**North Central Regional Office**

**Regional Administrative Remedy Appeal**  
**Part B - Response**

---

**Administrative Remedy Number:** 595747-R1

---

This is in response to your Regional Administrative Remedy Appeal received on July 26, 2010. You allege the Health Services Department has been deliberately indifferent to your medical needs. For relief, you request appropriate medical care.

We have reviewed the documentation related to your appeal. Based on this review, we concur with the manner in which the Warden addressed your concerns. You have consistently been provided timely and appropriate medical care in accordance with Program Statement 6031.01, Patient Care. A review of your medical file indicates you were evaluated by the Mid-Level Practitioner on June 9, 2010. Your evaluating provider referred you to the orthopedic specialist. As stated, you were previously approved at USP Caanan. To be able to perform continuity of care, a second consultation must be presented through the Utilization Review Committee (URC) for on-going treatment evaluation. A URC will be scheduled to meet and review this consultation. You will be notified by mail of the outcome. You provide no evidence of deliberate indifference towards your medical care. Given this, we shall defer diagnostic, referral, and treatment interventions to the Health Services staff at the local level. We encourage you to utilize sick call for your medical needs.

Based on these findings, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

8-2-10  
Date

Michael K. Nalley, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: SNODGRASS, CHARLES J        19536-031        3B        FCI Greenville
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL  I AM NOT SATISFIED WITH RESPONSE FROM REGIONAL DIRECTOR MR. NALLEY. HE STATES THAT I PROVIDED NO EVIDENCE OF DELIBERATE INDIFFERENCE. DELIBERATE INDIFFERENCE IS SHOWN WHEN: PRISON OFFICIALS HAVE PREVENTED AN INMATE FROM RECEIVING RECOMMENDED TREATMENT OR WHEN INMATE IS DENIED ACCESS TO MEDICAL PERSONNEL CAPABLE OF EVALUATING NEEDS. I WAS PUT IN FOR 3 CONSULTS; PODIATRY, ORTHO, AND PROSTHETICS. ORTHO AND PODIATRY WERE BOTH PUT ON HOLD BUT PROSTHETICS WAS APPROVED. SO FCI GREENVILLE HAS DENIED ME ACCESS TO PERSONNEL CAPABLE OF EVALUATING MY MEDICAL NEEDS. I AM ALSO BEING PREVENTED FROM RECEIVING RECOMMENDED TREATMENT. THAT IS CLEARLY DELIBERATE INDIFFERENCE. MR. NALLEY STATES THAT FOR CONTINUITY OF CARE A SECOND CONSULT MUST BE PRESENTED AND THAT THEY WERE KEEPING TREATMENT AT A LOCAL LEVEL. I'M BEING DENIED ACCESS TO MEDICAL PERSONNEL CAPABLE OF EVALUATING MY NEEDS!! SO THE BOTTOM LINE IS I AM BEING DENIED ACCESS TO ORTHO WHICH CAN PERFORM RECOMMENDED TREATMENT (TENDON RELEASE). ATTACHED IS A CONSULT RECOMMENDING TENDON RELEASE (DR. HOLLOWAY) AFTER BEING EVALUATED BY PODIATRY AND NEUROLOGIST. ALSO ATTACHED IS A COPY OF URC REVIEW. I WAS NOT REFERRED TO ORTHOPEDIC SURGEON LIKE MR. NALLEY STATED. I AM IN A LOT OF PAIN AND MY CONDITION HAS COME ABOUT FROM NOT RECEIVING ADEQUATE CARE AND IF NOT ADDRESSED JUDICIAL REMEDY WILL FOLLOW.

8/12/10
DATE                                             SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED
AUG 17 2010
Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED
SEP 14 2010
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                                             GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                       CASE NUMBER: 595747-A2

Part C—RECEIPT
                                                 CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

_____                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL      BP-231(13)
DATE                                                                                      APRIL 1982
USP LVN

I am suffering daily. I stumble and fall almost everyday. It takes me several hours to get out of the bed in the morning due to stiffness and tightening of damaged tendon. I have severe pains and I get little sleep throughout the night due to the pain. I have been having this problem for over 3 years now and it is an ongoing problem. I am not able to participate in any sports and I am restricted from several things due to walking being so painful and such an obstacle. My 8th Amendment rights are being violated and actions need to be taken immediately.

**Administrative Remedy No. 595747-A2**
**Part B - Response**


This is in response to your Central Office Administrative Remedy Appeal in which you allege deliberate indifference to your medical needs by medical staff. Specifically, you allege FCI Greenville has denied you access to personnel capable of evaluating your medical needs and that you have been prevented from receiving treatment.

A review of your medical records reveals that staff have been attentive to your medical problem. You arrived at FCI Greenville on May 25, 2010. You were seen by medical staff on June 9, 2010, for a chronic care visit. On June 28, 2010, the Physician Assistant referred your case for evaluation by a Neurologist and an Orthopedist. The Utilization Review Committee (URC) met on July 30, 2010, at which time you were approved for a prosthetic consultation. The URC also met on November 2, 2010, and you were approved for an Orthopedic consult. You were scheduled to see the Orthopedist on November 29, 2010. That appointment was canceled but was rescheduled and the Orthopedic Surgeon referred you to a Podiatrist. You have been approved by the URC to be evaluated by the Podiatrist. An appointment will be scheduled and you will be notified in the near future.

The record reflects you are receiving medical care and treatment in accordance with Bureau of Prisons' policy. We do not find, nor have you provided, any evidence that you have been denied access to medical staff or treatment.

This response is provided for informational purposes only.

May 19, 2011
Date

Harrell Watts, Administrator
National Inmate Appeals