IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES SNARGRASS, III, )
BOP REGISTER # 19536-031, )
        )
    Plaintiff, )
        )
vs. )  CIVIL NO. 11-662-GPM
        )
UNITED STATES BUREAU OF PRISONS, )
et al., )
        )
    Defendants. )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Charles Snargrass, III, a prisoner in the custody of the Federal Bureau of Prisons

("BOP") who currently is incarcerated in the Federal Correctional Institution in Greenville, Illinois

("FCI Greenville"), brings this action pro se pursuant to *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged deprivations of his constitutional

rights by persons acting under color of federal law.  This case is before the Court for screening

pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or
> dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may
> be granted[.]

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is plausible on its face

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Though a court must accept a plaintiff's factual allegations as true, "some factual allegations will

be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's

claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Also, courts "should not

accept as adequate abstract recitations of the elements of a cause of action or conclusory legal

statements." *Id.*  The factual allegations of a pro se complaint must be liberally construed.

*See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S.

519, 520 (1972)).

In Snargrass's pro se complaint in this case, Snargrass alleges that BOP and various

personnel employed thereby at the United States Penitentiary in Allenwood, Pennsylvania

("USP Allenwood"), the United States Penitentiary in Canaan, Pennsylvania ("USP Canaan"), and

FCI Greenville, as well as the United States Marshals Service ("USMS"), have been deliberately

indifferent to Snargrass's serious medical needs, in violation of the Eighth Amendment.  It appears

that Snargrass suffers from so-called "hammer toes."[1]  Named by Snargrass as Defendants in the

case, in addition to BOP and USMS, are:  Ronald Riker, a BOP official in Texas; Kevin Pigos, a

---

1.    A hammer toe is defined as a "permanent flexion at the midphalangeal joint of one or more of
the toes."  Stedman's Medical Dictionary (27th ed. 2000).  In general, "[h]ammer toes occurs
when  a toe is bent at the middle joint so the end of the toe is bent downward, in a claw-like
position . . . . If left untreated, the toe can become fixed in the bent position and surgery can be
required."  *Bismark v. Lang*, No. 2:02-cv-556-FtM-29SPC, 2006 WL 1119189, at *15
(M.D. Fla. Apr. 26, 2006).

physician at USP Allenwood; James Potope, a health service administrator at USP Allenwood;

Jennifer Holtzapple, a physician's assistant at USP Allenwood; R. Martinez, the warden of

USP Allenwood; McDaniel Holloway, a physician at USP Canaan; Richard Jensen, a physician's

assistant at USP Canaan; Ms. Sullivan, a health service administrator at USP Canaan; Ronnie Holt,

the warden of USP Canaan; Timothy Adesanya, a physician's assistant at FCI Greenville;

Dr. Harvey, a physician at FCI Greenville; and Mr. Ferrebee, a health service administrator at

FCI Greenville.

As an initial matter, the Court notes that both BOP and USMS are due to be dismissed from

this case pursuant to the familiar principle that a *Bivens* action may be maintained only against a

federal official in his or her individual capacity; it cannot be maintained against the United States

or a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (*Bivens* actions cannot be

brought against federal agencies); *Robinson v. Turner*, 15 F.3d 82, 84 (7th Cir. 1994) ("A plaintiff

bringing a *Bivens* action sues a federal employee in his or her individual capacity, rather than the

governmental agency or entity employing the individual."). BOP and USMS will be dismissed from

this action. Also, the Court's personal jurisdiction and venue are not proper as to Riker, Pigos,

Potope, Holtzapple, Martinez, Holloway, Jensen, Sullivan, and Holt, all of whom, as discussed, were

employed by BOP outside this District when the events giving rise to this case occurred. The Court

plainly does not have personal jurisdiction over the out-of-state Defendants. Also, with respect to

venue, 28 U.S.C. § 1391 provides, in relevant part,

> A civil action may be brought in – (1) a judicial district in which any defendant
> resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise
> to the claim occurred, or a substantial part of property that is the subject of the action
> is situated; or (3) if there is no district in which an action may otherwise be brought

as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Accordingly, Snargrass's claims against Riker, Pigos, Potope, Holtzapple, Martinez, Holloway, Jensen, Sullivan, and Holt will be dismissed pursuant to 28 U.S.C. § 1406(a). Snargrass may re-file his claim against Riker in the United States District Court for the Northern District of Texas, and his claims against Pigos, Potope, Holtzapple, Martinez, Holloway, Jensen, Sullivan, and Holt in the United States District Court for the Middle District of Pennsylvania, the federal district courts where personal jurisdiction and venue are proper as to Snargrass's claims against those Defendants.  *See United Fin. Mortgage Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 896 (N.D. Ill. 2002) ("It is appropriate for this Court to consider a [dismissal] under [Section 1406(a)] *sua sponte*.").

The Court turns to Snargrass's claims against Adesanya, Harvey, and Ferrebee.  It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  As the United States Court of Appeals for the Seventh Circuit has instructed, the Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated."  *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  A prisoner

raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements.  The first requirement compels the prisoner to satisfy an objective standard:  "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Therefore, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The second requirement compels the prisoner to satisfy a subjective standard:  "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety[.]'" *Id*. (quoting *Wilson*, 501 U.S. at 297).  "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill*., 220 F.3d 805, 810 (7th Cir. 2000)) (quotation omitted).[2]

In this case, it appears that Snargrass was approved for surgery for his hammer toes while incarcerated at USP Canaan.  Upon Snargrass's transfer from USP Canaan to FCI Greenville, on June 9, 2010, Snargrass was examined by Adesanya, who referred Snargrass to an orthopedic specialist.  Subsequently, the orthopedic surgeon referred Snargrass to a podiatrist for further

---

2.    Because actions brought under 42 U.S.C. § 1983 and those of the *Bivens*-type are conceptually identical and further the same policies, courts frequently have looked to Section 1983 and its decisional gloss for guidance in construing the scope of the *Bivens* remedy.  *See Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978).  *Accord Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) ("*Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials[.]").  Thus, in screening Snargrass's *Bivens* suit, the Court has relied freely upon cases dealing with Section 1983 claims.

treatment.  None of this suggests deliberate indifference to Snargrass's serious medical needs and instead suggests that FCI Greenville is conducting its own independent evaluation of Snargrass's medical condition.  Deliberate indifference is "something approaching a total unconcern for [a prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted).  This total disregard for a prisoner's safety is "the functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).  "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation and brackets omitted).  Nothing in the record of this case indicates that the conduct of Adesanya, Harvey, and Ferrebee amounts to deliberate indifference.  Moreover, "[t]he Constitution is not a medical code that mandates specific medical treatment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).  Correspondingly, for Eighth Amendment purposes, "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the Amendment's purview.  Such matters are questions of tort, not constitutional law." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) (brackets omitted).  In short, it is the not the Court's constitutional duty to referee disputes between Snargrass and medical personnel at FCI Greenville about the appropriate course of medical treatment for Snargrass.  Snargrass's Eighth Amendment claims against Adesanya, Harvey, and Ferrebee will be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, it is it is hereby **ORDERED** that Snargrass's claims against Riker, Pigos, Potope, Holtzapple, Martinez, Holloway, Jensen, Sullivan, and Holt are **DISMISSED without prejudice**.  Snargrass, if he wishes, may re-file his claim against Riker in the United States District Court for the Northern District of Texas, and his claims against Pigos, Potope, Holtzapple, Martinez, Holloway, Jensen, Sullivan, and Holt in the United States District Court for the Middle District of Pennsylvania.  It is **further ORDERED** that Snargrass's claims against BOP, USMS, Adesanya, Harvey, and Ferrebee are **DISMISSED with prejudice** as frivolous.  Snargrass is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).  The Clerk of Court is directed to enter judgment in accordance with this Order.

      **IT IS SO ORDERED.**

      DATED:  January 23, 2012

                        /s/ G. Patrick Murphy
                        G. PATRICK MURPHY
                        United States District Judge