**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| C H A R L E S   S N A R G R A S S ,   I I I ,   )<br>BOP REGISTER # 19536-031,                              )<br>                                                                     )<br>                              **Plaintiff,**              )<br>                                                                     )<br>**vs.**                                                          )<br>                                                                     )<br>**UNITED STATES BUREAU OF PRISONS,**  )<br>**et al.,**                                                     )<br>                                                                     )<br>                              **Defendants.**         )   | **CIVIL NO. 11-662-GPM** |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Charles Snargrass, III, a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated in the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"), brings this action pro se pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged deprivations of his constitutional rights by persons acting under color of federal law. Snargrass alleges that, although he was approved for surgery on his feet while he was incarcerated at the United States Penitentiary in Canaan, Pennsylvania ("USP Canaan"), upon his transfer from USP Canaan to FCI Greenville, medical personnel at FCI Greenville refused to follow the recommendation of doctors at USP Canaan, instead conducting an independent evaluation of Snargrass's medical condition. Snargrass alleges deliberate indifference to his serious medical needs on the part of medical personnel at FCI Greenville, in violation of the Eighth Amendment. On January 24, 2012, the Court dismissed this case pursuant to 28 U.S.C. § 1915A(b)(1) because Snargrass failed to state a claim upon which relief may be

granted for deliberate indifference to his serious medical needs; judgment was entered the same day. This case now is before the Court on Snargrass's motion for reconsideration of the Court's judgment dismissing the case (Doc. 9) and Snargrass's motion for leave to file an amended complaint (Doc. 8).

In the Seventh Circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, then request leave to amend his or her pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See Amendola v. Bayer*, 907 F.2d 760, 765 n.4 (7th Cir. 1990). In general a motion brought by a litigant within twenty-eight days of the entry of a judgment seeking reconsideration of matters decided on the merits, such as a manifest error of law or fact, is deemed to be a motion to alter or amend a judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)); *Banks v. Thomas*, Civil No. 11-301-GPM, 2012 WL 384527, at *2 (S.D. Ill. Feb. 6, 2012). As Snargrass's motion for reconsideration was filed within twenty-eight days of entry of the Court's judgment in this case and appears to assert a manifest error of law or fact by the Court, the Court construes the motion as brought under Rule 59(e). A Rule 59(e) motion is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A decision on a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince*, 85

F.3d 314, 324 (7th Cir. 1996). Motions for reconsideration of judgments are not favored, because true manifest errors of law and fact "rarely arise" and "the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

Defendants United States Bureau of Prisons, Ronald Riker, Kevin Pigos, Jennifer Holtzapple, James Potope, R. Martinez, McDaniel Holloway, Richard Jensen, Ms. Sullivan, Ronnie Holt, Timothy Adesanya, Dr. Harvey, Mr. Ferrebee, and U.S. Marshal Service never filed an answer to Snargrass's complaint. However, the Court's entry of judgment for Defendants terminated Snargrass's right under Rule 15 of the Federal Rules of Civil Procedure to "amend [his] pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). *See also Paganis v. Blonstein*, 3 F.3d 1067, 1072-73 (7th Cir. 1993) ("The right under Rule 15(a) to amend 'once as a matter of course' is lost after the entry of judgment."). With respect to post-judgment requests to amend a complaint, although before entry of judgment there is a presumption in favor of freely amending pleadings, "the presumption in favor of liberality in granting motions to amend . . . is reversed after judgment has been entered." *First Nat'l Bank of Louisville v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 933 F.2d 466, 468 (7th Cir. 1991). Said differently, although before judgment is entered leave to amend pleadings is to be freely given as justice requires, "justice may require something less in post-judgment situations than in pre-judgment situations." *Doe v. Howe Military Sch.*, 227 F.3d 981, 989 (7th Cir. 2000) (quoting *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1196 (7th Cir. 1985)). The decision to grant or deny a post-judgment request to amend a complaint is committed, of course, to a court's

discretion. *See Bank of Waunakee*, 906 F.2d at 1192; *United States Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980). A post-judgment request for leave to amend a complaint can be denied for any of the ordinary reasons leave to amend may be denied, including undue delay, bad faith, prejudice to the opponent, dilatory motive on the part of the moving party, or when amendment would be futile. *See Crestview Vill. Apartments v. HUD*, 383 F.3d 552, 558 (7th Cir. 2004) (post-judgment leave to amend may be denied where the proposed amendment would be futile); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) (citing *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001)) ("Under Rule 15, a court may deny [post-judgment] amendment due to undue delay, bad faith, dilatory motive, prejudice or futility.").

Concerning Snargrass's Rule 59(e) motion, Snargrass has failed to demonstrate a manifest error of law or fact in the Court's decision to dismiss his claim for deliberate indifference to his serious medical needs. Generally, a prisoner's dissatisfaction with the medical care he or she receives in prison does not state a constitutional claim, even if the quality of care was substandard to the point of negligence or malpractice. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). In the Seventh Circuit, "'deliberate indifference' . . . is merely a synonym for intentional or criminally reckless conduct," that is to say, "conduct 'that reflects complete indifference to risk – when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death.'" *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991) (quoting *Archie v. City of Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988)). *See also Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163

F.3d 982, 988 (7th Cir. 1998)) ("Deliberate indifference 'is more than negligence and approaches intentional wrongdoing' . . . . [D]eliberate indifference is 'essentially a criminal recklessness standard, that is, ignoring a known risk.'"); *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (quoting *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)) (a prison official acts with deliberate indifference to a prisoner's medical needs "when the official 'knew of a substantial risk of harm to the [prisoner] and acted or failed to act in disregard of that risk.'").  A mere failure by prison officials to comply with a prisoner's notion of the proper schedule for the prisoner's medical care does not rise to the level of deliberate indifference.  "[T]he Eighth Amendment does not require that prisoners receive 'unqualified access to health care.'" *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  "Rather, [prisoners] are entitled to only 'adequate medical care.'"  *Id*. (quoting *Boyce v. Moore*, 314 F.3d 884, 888-89 (7th Cir. 2002)).  "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible.  She is entitled to reasonable measures to meet a substantial risk of serious harm to her." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  The fact that medical personnel at FCI Greenville have elected to conduct an independent evaluation of Snargrass's medical condition to determine whether in fact Snargrass requires surgery does not rise to the level of deliberate indifference.  Moreover, it is not the Court's task under the Constitution to referee disputes between a prisoner and his or her medical providers about the proper course of treatment for the prisoner.  *See Brownlow v. Chavez*, 871 F. Supp. 1061, 1064 (S.D. Ind. 1994) ("The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, nor does or could it guarantee a particular outcome or level of comfort in the face of physical maladies.") (citation omitted).

In sum, the Court finds that Snargrass has failed to show grounds for Rule 59(e) relief.  Thus, the Court need not address Snargrass's request for leave to file an amended complaint.  *See Johnson v. Levy Org. Dev. Co.*, 789 F.2d 601, 611 n.8 (7th Cir. 1986) (until a plaintiff "file[s] a motion to vacate the judgment against him and ha[s] that judgment lifted, the court [does] not have to consider the merits of whether to allow [the plaintiff] to amend his complaint.").  However, the Court notes that Snargrass's proposed amendment of his complaint is futile.  Snargrass seeks leave to amend his complaint to add a claim for relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  The FTCA permits an individual to sue the United States in federal court "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (quoting 28 U.S.C. § 1346(b)(1)). The Supreme Court of the United States has instructed that constitutional tort claim are not cognizable under the FTCA:

> [T]o be actionable under [28 U.S.C.] § 1346(b), a claim must allege, *inter alia*, that the United States "would be liable to the claimant" as "a private person" "in accordance with the law of the place where the act or omission occurred."  A constitutional tort claim . . . could not contain such an allegation.  Indeed, we have consistently held that § 1346(b)'s reference to the "law of the place" means law of the State – the source of substantive liability under the FTCA.  By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right . . . . [T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.

*FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) (citations omitted).  "Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived

its sovereign immunity and 'render[ed]' itself liable.  This category includes claims that are: '[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  *Id.* at 477 (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)).  *See also Sobitan v. Glud*, 589 F.3d 379, 388-89 (7th Cir. 2009) (quoting *Meyer*, 510 U.S. at 478) ("[T]he United States has waived its sovereign immunity only with respect to claims described in § 1346(b), specifically claims for which a private person 'would be liable to the claimant in accordance with the law of the place where the act or omission occurred' . . . . An international treaty is no more the law of the place than the federal Constitution, and, therefore, under § 1346(b), the United States 'simply has not rendered itself liable' for . . . claims" arising from violations of such treaties); *Bergquist v. United States Nat'l Weather Serv.*, 849 F. Supp. 1221, 1231-32 (N.D. Ill. 1994) (citing *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988)) ("Under the FTCA, the federal government's waiver of sovereign immunity extends only to those torts committed 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred' . . . . Simply alleging violations of the Federal Constitution, federal statutes or federal regulations does not satisfy the FTCA's 'law of the place' requirement."); *Willis v. United States*, 600 F. Supp. 1407, 1414 (N.D. Ill. 1985) (the FTCA does not create a federal claim for alleged violations of the Fourth Amendment and Fifth Amendment).  Snargrass's proposed amendment of his complaint is futile.

Page 7 of 8

To conclude, Snargrass's motion to alter or amend the Court's judgment dismissing this case for failure to state a claim upon which relief may be granted (Doc. 9) and Snargrass's motion for leave to file an amended complaint (Doc. 8) are **DENIED**.

**IT IS SO ORDERED.**

DATED:  February 17, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge